[Cite as *State v. Duncan*, 2013-Ohio-381.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120324 |
| | | TRIAL NO. B-0101407 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| THOMAS DUNCAN, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified and Cause Remanded

Date of Judgment Entry on Appeal:  February 8, 2013


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Office of the Ohio Public Defender* and *Jeremy J. Masters*, Assistant State Public Defender, for Defendant-Appellant.


Please note:  we have removed this case from the accelerated calendar.

HENDON, Judge.

{¶1} Defendant-appellant Thomas Duncan presents on appeal two assignments of error that, when reduced to their essence, challenge the Hamilton County Common Pleas Court's judgment overruling Duncan's "Motion to Vacate Postrelease Control." We affirm the court's judgment. But we remand to the common pleas court with instructions to discharge Duncan from his prison sentence for violating the terms of postrelease-control supervision that was not properly imposed.

{¶2} Duncan was convicted of murder in 2001. We reversed his conviction on appeal. *State v. Duncan*, 154 Ohio App.3d 254, 2003-Ohio-4695, 796 N.E.2d 1006. On remand in 2003, Duncan entered a guilty plea to voluntary manslaughter and was sentenced to ten years in prison.[1] From his 2003 conviction, he took no direct appeal.

{¶3} In February 2011, Duncan was released from prison and was placed on postrelease control under the supervision of the Ohio Adult Parole Authority. In December 2011, Duncan was indicted in the case numbered B-1108237 for drug and weapons offenses. He pled guilty to drug trafficking and having weapons under a disability and was sentenced in August 2012 to concurrent prison sentences totaling 18 months. The drug and weapons charges also led the adult parole authority, in January 2012, to find that Duncan had violated the terms of his postrelease control and to sanction his postrelease-control violation by imposing a prison term of 240 days.

{¶4} In March 2012, Duncan filed his "Motion to Vacate Postrelease Control." In his motion, he asked the court to "vacate" both the postrelease-control

---

[1] The 2003 judgment of conviction incorrectly stated that Duncan had been convicted upon a jury verdict finding him guilty of voluntary manslaughter.

supervision imposed in February 2011 upon his release from prison and the 240-day prison sentence imposed in January 2012 for his postrelease-control violation. He argued that his 2003 voluntary-manslaughter sentence is void to the extent that the trial court had failed to adequately notify him concerning postrelease control, that the offending portion of his sentence could not be corrected after he had been released from the prison term imposed for voluntary manslaughter, and that he could not thereafter be sanctioned for violating the terms of postrelease-control supervision that had not been properly imposed.

{¶5} *"Motion to Vacate Postrelease Control" was reviewable and subject to dismissal under R.C. 2953.21 et seq.* Duncan did not specify in his motion the statute or rule under which he sought relief. R.C. 2953.21 et seq., governing the proceedings upon a postconviction petition, provide "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case." R.C. 2953.21(J). Therefore, the common pleas court should have reviewed Duncan's motion as a postconviction petition under the standards provided by R.C. 2953.21 et seq. *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.

{¶6} But Duncan filed his motion well after the expiration of the time prescribed by R.C. 2953.21(A)(2). And the record does not demonstrate either that he was unavoidably prevented from discovering the facts underlying his claims, or that his claims were predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the time for filing a postconviction petition had expired. Because Duncan satisfied neither the time strictures of R.C. 2953.21(A)(2) nor the jurisdictional requirements of R.C. 2953.23(A), the postconviction statutes did not confer upon the common pleas court

jurisdiction to entertain Duncan's postconviction claims on their merits, and his motion was subject to dismissal. We, therefore, overrule his assignments of error.

{¶7} *Court could not correct inadequate postrelease-control notification after release from prison.* Nevertheless, a trial court retains jurisdiction to correct a void judgment. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. And Duncan's 2003 voluntary-manslaughter sentence is void to the extent that he was not adequately notified concerning postrelease control.

{¶8} A felony prison sentence must include a term of postrelease control. R.C. 2967.28 and 2929.14(F). And the sentencing court must notify the offender at the sentencing hearing concerning postrelease control and must incorporate postrelease-control notification in the judgment of conviction. R.C. 2929.19(B)(3)(c) through (B)(3)(e); *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. Specifically, the court must notify the offender, with respect to each offense, of the length and mandatory or discretionary nature of postrelease control, of the consequences of violating postrelease control, and of the length of confinement that could be imposed for a postrelease-control violation. *See* R.C. 2929.19(B)(3)(c) through (B)(3)(e) and 2967.28(B) and (C); *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 77-79; *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 69.

{¶9} Thus, in sentencing Duncan for the first-degree felony of voluntary manslaughter, the trial court was required to notify Duncan, at sentencing and in the judgment of conviction, that upon his release from prison, he would be subject to a mandatory five-year period of postrelease-control supervision. *See* R.C. 2929.19(B)(3)(c) and 2967.28(B)(1). And the court was required to notify Duncan,

4

again at sentencing and in the judgment of conviction, of the consequences of violating postrelease control and of the length of confinement that could be imposed for violating postrelease control. *See* R.C. 2929.19(B)(3)(e).

{¶10} In deciding Duncan's "Motion to Vacate Postrelease Control," the common pleas court did not have before it a transcript of the proceedings at Duncan's 2003 sentencing hearing, because he had not appealed his convictions, and because he did not request that a transcript be prepared for the common pleas court's decision on the motion. In the absence of that transcript, Duncan's sentences were not demonstrably void for inadequate postrelease-control notification at the sentencing hearing.

{¶11} But it is the incorporation of postrelease-control notification in the judgment of conviction that empowers the adult parole authority to impose postrelease control. *Woods v. Telb*, 89 Ohio St.3d 504, 513, 733 N.E.2d 1103 (2000). And the notification incorporated in Duncan's 2003 judgment of conviction simply stated that "[a]s part of the sentence in this case, the defendant is subject to the post release [sic] control supervision of R.C. 2967.28." It did not specify the duration or the mandatory nature of the postrelease-control supervision, the consequences of violating postrelease control, or the length of confinement that could be imposed for a postrelease-control violation.

{¶12} The common pleas court overruled Duncan's "Motion to Vacate Postrelease Control" on the ground that it had no authority to grant the relief sought. Citing *State ex rel. Pruitt v. Cuyahoga Cty. Court of Common Pleas*, 125 Ohio St.3d 402, 2010-Ohio-1808, 928 N.E.2d 722, the court insisted that, because the judgment of conviction "include[d] language that made postrelease control a part of [Duncan's] sentence, it fell [to] him to challenge the imposition of postrelease control in an

appeal." And the court cited *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, to hold that it "lack[ed] jurisdiction to consider [the] motion," because "an action against the Department of Rehabilitation and Corrections" was "the appropriate vehicle" for challenging the imposition of postrelease control after Duncan had been released from his 2003 prison term for voluntary manslaughter.

{¶13} But, again, the postrelease-control statutes and the supreme court's postrelease-control decisions require that, with respect to each offense, a sentencing court notify the offender, both at the sentencing hearing and in the judgment of conviction, of the length and mandatory or discretionary nature of postrelease control, of the consequences of violating postrelease control, and of the length of confinement that could be imposed for a postrelease-control violation. *See Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, at ¶ 77-79; *Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, at ¶ 69. To the extent that a sentence is not imposed in conformity with the statutory mandates concerning postrelease control, it is void. And when the matter has come to a court's attention, whether on direct appeal or in a collateral challenge, the court "cannot ignore" the matter, *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 12; *see also State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 23, and "the offending portion of the sentence is subject to review and correction." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus and ¶ 27. *Accord State v. Billiter*, ____ Ohio St.3d ____, 2012-Ohio-5144, ____ N.E.2d ____ (holding that res judicata did not bar a collateral challenge to postrelease-control notification after the offender had been convicted of escape for violating postrelease control).

6

{¶14} In light of these legislative and judicial mandates, *Pruitt* cannot be read to establish either a rule of substantial compliance with the postrelease-control statutes when the judgment of conviction makes some reference to postrelease control, or a rule of waiver or forfeiture when postrelease-control notification is not challenged on direct appeal. *State v. Smith*, 1st Dist. No. C-120163, 2012-Ohio-5965. Nor can *Hernandez* be read to establish habeas corpus as the only means for challenging the imposition of postrelease control after the offender's release from prison. *See, e.g., Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, at ¶ 70-73; *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 18; *Simpkins* at syllabus.

{¶15} The supreme court has also held that any "correction" to postrelease-control notification must be accomplished before the offender has been released from prison. If it is not, the adult parole authority can neither impose postrelease control nor sanction the offender for a postrelease-control violation, and the defendant is entitled to be discharged. *Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, at ¶ 70-73; *Simpkins* at syllabus; *Bezak* at ¶ 18; *see also State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 24 (holding that if postrelease-control notification was properly given at the sentencing hearing, flawed notification in the judgment of conviction may be corrected by a Crim.R. 36 nunc pro tunc entry, "as long as the correction is accomplished prior to the defendant's completion of his prison term").

{¶16} Duncan's 2003 judgment of conviction is void to the extent that it did not specify the duration or the mandatory nature of postrelease-control supervision, the consequences of violating postrelease control, or the length of confinement that could be imposed for a postrelease-control violation. His 2012 "Motion to Vacate

Postrelease Control" brought this matter to the common pleas court's attention. But the court could not correct the deficiencies in the postrelease-control notification after Duncan had been released from prison, and he was entitled to be discharged from the prison sentence imposed for his postrelease-control violation.

{¶17} *We affirm, but remand for discharge*. We, therefore, hold that Duncan's "Motion to Vacate Postrelease Control" was subject to dismissal because the postconviction statutes did not confer on the common pleas court jurisdiction to entertain the motion on its merits. Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgment appealed from to reflect a dismissal of the motion. And we affirm the judgment as modified.

{¶18} But Duncan's 2003 voluntary-manslaughter sentence is void to the extent that he had not been adequately notified concerning postrelease control. And because the common pleas court could not correct the deficiencies in the postrelease-control notification after Duncan had been released from prison, we remand this case to the common pleas court with instructions to enter judgment discharging Duncan from the prison sentence imposed for violating postrelease control.

Judgment accordingly.

**HILDEBRANDT, P.J.,** concurs.
**DINKELACKER, J.**, concurs in part and dissents in part.

**DINKELACKER, J.**, concurring in part and dissenting in part.

{¶19} I agree that the trial court should have dismissed Duncan's "Motion to Vacate Postrelease Control" because the trial court lacked jurisdiction to consider it. But I cannot concur in the majority's decision that "Duncan's 2003 voluntary-manslaughter sentence is void to the extent that he had not been adequately notified concerning postrelease control."

8

{¶20} The "Judgment Entry: Sentence: Incarceration" entered of record December 9, 2003 states the following regarding postrelease control: "As part of the sentence in this case, the defendant is subject to the post release control supervision of R.C. 2967.28."

{¶21} My interpretation of the statutory authority relevant to postrelease control and the Ohio Supreme Court's pronouncements in *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, and *State ex rel. Pruitt v. Cuyahoga Cty. Court of Common Pleas*, 125 Ohio St.3d 402, 2010-Ohio-1808, 928 N.E.2d 722, causes me to conclude that the language of the entry more than adequately notified Duncan of the postrelease-control requirements.

{¶22} Therefore, I respectfully dissent from that portion of the majority's opinion.

Please note:

The court has recorded its own entry on the date of the release of this opinion.