[Cite as *State v. Jordan*, 2014-Ohio-1193.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| | | **No. 13AP-666** |
| Plaintiff-Appellee, | : | (C.P.C. No. 98CR-10-5795) |
| | | **and** |
| v. | : | **No. 13AP-674** |
| | | (C.P.C. No. 99CR-12-6642) |
| Vincent C. Jordan, | : | |
| | | **(REGULAR CALENDAR)** |
| Defendant-Appellant. | : | |

# D E C I S I O N

**Rendered on March 25, 2014**

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Yeura R. Venters*, Public Defender, and *David L. Strait*, for appellant.

**APPEALS from the Franklin County Court of Common Pleas**

KLATT, J.

{¶ 1} In these consolidated appeals, Vincent C. Jordan appeals from two judgments of the Franklin County Court of Common Pleas that denied his motions to vacate post-release control. For the following reasons, we affirm those judgments.

## I. Factual and Procedural Background

{¶ 2} In case No. 13AP-666, a jury found appellant guilty of one count of rape in violation of R.C. 2907.02. On March 20, 2000, the trial court sentenced him to a term of eight years in prison. In case No. 13AP-674, a jury found appellant guilty of one count of burglary in violation of R.C. 2911.12. On April 24, 2000, the trial court sentenced him to a term of five years in prison to be served consecutively to the prison sentence appellant

received in case No. 13AP-666 for a total sentence of 13 years in prison. This court affirmed appellant's burglary conviction. *State v. Jordan*, 10th Dist. No. 00AP-576 (Dec. 5, 2000) (memorandum decision). Appellant did not appeal his rape conviction.

{¶ 3} On October 23, 2012, appellant completed his prison terms, was released from prison and placed on post-release control ("PRC") for a period of five years. Appellant violated the terms of his PRC and was returned to prison on February 26, 2013 to serve a term of 180 days.

{¶ 4} Shortly thereafter, appellant filed motions in each of these cases seeking to vacate his PRC and his immediate release from prison. Appellant argued that the trial court did not properly notify him of PRC when he was sentenced and, therefore, his term of PRC was void.

{¶ 5} The trial court denied appellant's motions in both cases. In case No. 13AP-666, the trial court rejected appellant's claim that PRC was not properly imposed. In case No. 13AP-674, the trial court concluded that the imposition of PRC was not clear and unambiguous. The court went on to conclude, however, that any error in improperly imposing PRC was harmless for two reasons. First, the trial court noted that appellant refused to engage with the trial court at his sentencing in that case and refused to sign the notice which explained PRC to him. Second, the court also noted that appellant only had to serve a three-year term of PRC in that case and that such a term would be "subordinate" to the five-year term of PRC that was properly imposed in case No. 13AP-666.

## II. Appellant's Appeals

{¶ 6} Appellant appeals in both cases and assigns the following error:

> The trial court erred by denying Defendant-Appellant's motions to vacate post-release control.

### B. Did the Trial Court Properly Impose Post-Release Control?

{¶ 7} Appellant's assignment of error starts with the premise that the trial court did not properly impose PRC and then seeks to determine the effect of that failure. The

trial court, however, concluded that the trial court properly imposed PRC in case No. 13AP-666.[1]  We agree.

{¶ 8}  Appellant was found guilty of a first-degree felony offense and sentenced to prison.  Accordingly, the trial court had to notify him of PRC at the sentencing hearing and in the court's sentencing entry.  *State v. Holloman*, 10th Dist. No. 11AP-454, 2011-Ohio-6138, ¶ 7, citing *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, ¶ 22.  Pursuant to R.C. 2929.19(B)(2)(c) and (e), the trial court had to notify him at the sentencing hearing that he would be on PRC after his release and the consequences for violations of PRC.  PRC sanctions are also to be included in the judgment entry journalized by the court.  *State v. Boone*, 10th Dist. No. 11AP-1054, 2012-Ohio-3653, ¶ 13.

{¶ 9}  During his sentencing hearing in case No. 13AP-666, appellant became upset after the trial court imposed sentence, uttered some obscenities, and twice told the trial court that he was "ready to go."  (Tr. 397.)  As a result of his behavior, deputies escorted appellant out of the courtroom before the trial court could inform him of PRC.  After a recess during which trial counsel spoke with appellant, counsel informed the trial court that he explained to appellant a form which discussed PRC.  (Tr. 405.)  The form, entitled "Notice (Prison Imposed)," notified appellant that he would have a five-year term of PRC and what the consequences would be if he violated the terms of his PRC.  Appellant refused to sign the form.  The trial court's judgment entry in this case also stated that it "notified the Defendant orally and in writing, of the * * * applicable periods of post-release control pursuant to R.C. 2929.19(B)(3)(c), (d) and (e)."

{¶ 10} Appellant claims that the judgment entry in this case did not properly notify him of PRC.  However, this court has repeatedly found that a trial court meets its statutory obligations to notify a defendant of PRC "when its oral and written notifications, taken as a whole, properly informed the defendant of post-release control."  *Boone* at ¶ 18; *State v. Townsend*, 10th Dist. No. 10AP-983, 2011-Ohio-5056, ¶ 7.  Thus, we must

---

[1] We address this case because any alleged errors in the advisement for case No. 13AP-674 are harmless because the five-year term of PRC in case No. 13AP-666 expires last and is the term of PRC appellant is subject to, not the shorter term in case No. 13AP-674.  *See State v. Ballou*, 8th Dist. No. 95733, 2011-Ohio-2925, ¶ 13-16 (any error in imposing three-year term of PRC was harmless, as defendant was already ordered to serve five-year term of PRC); *State v. Darks*, 10th Dist. No. 12AP-578, 2013-Ohio-176, ¶ 11 (because trial court properly notified defendant of five-year term of PRC, alleged errors in notification of shorter PRC term in another case was not considered); *State v. Buckner*, 1st Dist. No. C-100666, 2011-

consider the totality of the circumstances to determine whether the trial court properly notified appellant of PRC. *State v. Williams*, 10th Dist. No. 10AP-1135, 2011-Ohio-6231, ¶ 23.

{¶ 11} Appellant was escorted out of the courtroom due to his disruptive behavior before the trial court could orally advise appellant of PRC. Notwithstanding that it was appellant's own behavior which caused the trial court not to orally advise him of PRC, the lack of an oral advisement by itself does not render the trial court's notification insufficient. *State v. Easley*, 10th Dist. No. 10AP-505, 2011-Ohio-2412, ¶ 14-19 (even without oral notification, the "Notice (Prison Imposed)" form was sufficient to conclude that the trial court properly notified defendant of PRC).

{¶ 12} This court has consistently found PRC notification proper when the "applicable periods" language in the trial court's sentencing entry, such as in this case, is combined with other notification of the imposition of PRC. *Holloman* at ¶ 11; *State v. Draughon*, 10th Dist. No. 11AP-703, 2012-Ohio-1917, ¶ 14-17. Here, other such notification exists in the record in addition to the sentencing entry's notification.

{¶ 13} Specifically, appellant's trial counsel presented and explained to him the "Notice (Prison Imposed)" form after he was escorted out of the courtroom. That form advised appellant that he would be on PRC for a period of five years after his release from prison. The form also notified him of the possible consequences if he violated PRC. *Boone* at ¶ 26-27 ("Notice (Prison Imposed)" form notified defendant of length and mandatory nature of PRC as well as potential sanctions for violations of PRC). That appellant did not sign the form is of no consequence. *Williams* at ¶ 4-5 ("Notice (Prison Imposed)" form presented to defendant but not signed still considered to determine sufficiency of notification). The language in that form, in addition to the "applicable periods" language in the trial court's sentencing entry, is sufficient to properly notify appellant of PRC. *Draughon* at ¶ 17; *Easley* (even without oral advisement, "applicable periods" judgment entry combined with "Notice (Prison Imposed)" form sufficient to satisfy PRC notification requirement).

---

Ohio-4358, ¶ 18 (alleged errors involving notification of three-year discretionary term of PRC harmless because defendant concurrently serving mandatory three-year term).

 **III.  Conclusion**

{¶ 14}  Because the trial court properly advised appellant of PRC in case No. 13AP-666, the trial court did not err by denying appellant's motions to vacate.  Accordingly, we overrule appellant's assignment of error, and affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

TYACK and CONNOR, JJ., concur.

————————————