[Cite as *State v. Arszman*, 2014-Ohio-2727.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130133 |
| | | TRIAL NO. B-1205912 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| TOBY ARSZMAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Sentence Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal: June 25, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Christine Y. Jones,* for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge.**

{¶1}     Defendant-appellant Toby Arszman appeals the judgment of the Hamilton County Court of Common Pleas convicting him of gross sexual imposition under R.C. 2907.05(A)(1).

{¶2}     On January 30, 2013, Arszman entered a guilty plea to the offense. In February 2013, Arszman was sentenced to 17 months' imprisonment and was subsequently given credit for 185 days served as of the date of sentencing. The court also classified Arszman as a Tier II sex offender and imposed a five-year term of postrelease control.

### Sex-Offender Classification

{¶3}     In his first assignment of error, Arszman contends that the trial court erred in classifying him as a Tier II sex offender. He argues that, under the plain language of R.C. 2950.01(E)(1)(c), he was required to be classified as a Tier I sex offender. The state concedes the error, and we accordingly sustain the first assignment of error.

### Postrelease Control

{¶4}     In his second and final assignment of error, Arszman argues that the court erred in imposing the five-year term of postrelease control. He maintains that the court failed to inform him that a five-year term of postrelease control was mandatory for his conviction under R.C. 2907.05(A)(1). *See* R.C. 2967.28(B)(1).

{¶5}     As this court has held, "with respect to each offense, a sentencing court [must] notify the offender, both at the sentencing hearing and in the judgment of conviction, of the length and mandatory or discretionary nature of postrelease control * * *." *State v. Duncan,* 1st Dist. Hamilton No. C-120324, 2013-Ohio-381, ¶

13, citing *State v. Ketterer,* 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 77-79, and *State v. Bloomer,* 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 69.

{¶6}     In this case, the trial court did not inform Arszman of the mandatory nature of postrelease control at the sentencing hearing.  At the hearing, the court stated, "For a period of time up to five years, sir, you will be under the supervision of the Ohio Department of Corrections."  Thus, Arszman was not made aware that postrelease control was mandatory for the entire five-year term.

{¶7}     Although the state emphasizes that the court included the correct term of postrelease control in its sentencing entry, the inclusion of the term in the entry was insufficient under our holding in *Duncan.*  Moreover, because the record establishes that Arszman has now completed his term of imprisonment, the trial court is without authority to correct the error.  *See Duncan* at ¶ 15.  Postrelease control was improperly imposed, and we sustain the second assignment of error.

### Conclusion

{¶8}     We vacate the sentence in part and remand the cause for the trial court to classify Arszman as a Tier I sex offender and to eliminate the imposition of postrelease control.  In all other respects, we affirm the judgment of the trial court.

Judgment affirmed in part, sentence vacated in part, and cause remanded.

HENDON, J., concurs.
DEWINE, J., concurs in part and dissents in part.

DEWINE, J., concurring in part and dissenting in part.

{¶9}     I respectfully dissent from the portion of the majority's decision that vacates the imposition of postrelease control.

{¶10}     Ohio law mandates that offenders who commit sex offenses serve five years of postrelease control.  *See* R.C. 2967.28(B)(1).  The sentencing entry fully complied with Ohio law.  It provided that "[a]s part of the sentence in this case, the defendant shall be supervised by the adult parole authority after defendant leaves prison, which is referred to as post-release control, for five (5) years."  Nonetheless, the majority vacates the postrelease-control term because it finds the trial court's oral notification at sentencing to be insufficient.

{¶11}     The court told Mr. Arszman that "[f]or a period of up to five years, * * * you will be under the supervision of the Ohio Department of Corrections."  This statement was absolutely correct.  (The five-year term provided for in the statute is clearly encompassed within "up to five years.")  Granted, the statement was not as precise as it could have been in that it didn't tell Mr. Arszman that his postrelease-control term would be *exactly* five years.  But the court's notification, combined with the sentencing entry, clearly put Mr. Arszman on fair notice of his postrelease-control term.  In my view, the lack of precision in the trial court's language here is hardly grounds to forever discharge Mr. Arszman from his postrelease-control obligations.

{¶12}     There is nothing in statute that prescribes the precise words that a trial court must use in notifying a defendant of his postrelease-control obligations.  The statute simply requires that the court "[n]otify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison[.]"  R.C. 2929.19(B)(2)(c).

{¶13}     The majority correctly points out that we have previously interpreted this provision in conjunction with Ohio Supreme Court precedent to mean that a court "[must] notify the offender, both at the sentencing hearing and in

4

the judgment of conviction, of the length and mandatory nature of postrelease control * * *." *State v. Duncan*, 1st Dist. Hamilton No. C-120324, 2013-Ohio-381, ¶ 13, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 77-79, and *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 69. But to say that the trial court must provide both notifications does not mean that one notification cannot be informed by the other. Here, the "will be" for "up to five years" language standing alone was imprecise; but when read together with the sentencing entry, any imprecision was eliminated.

{¶14}     As the Tenth Appellate District has pointed out, "the Supreme Court has not prescribed a 'magic words' test for imposing post-release control," and even "when a term of post-release control is mandatory, the use of 'up to' language does not necessarily invalidate the imposition of post-release control." *State v. Williams*, 10th Dist. Franklin No. 10AP-922, 2011-Ohio-6231, ¶ 19. *See also State v. Jordan*, 10th Dist. Franklin No. 13AP-674, 2014-Ohio-1193, ¶ 10 ("This court has consistently found that a trial court meets its statutory obligation to notify a defendant of [postrelease control] 'when its oral and written notifications, taken as a whole, properly informed the defendant of post-release control.' ").

{¶15}     Neither of the two Ohio Supreme Court decisions, relied upon in *Duncan* and cited by the majority, compels a contrary result. *See State v. Ketterer*, *supra*, and *State v. Bloomer, supra*. Those cases dealt with multiple errors in both the sentencing entry and the notification. In *Bloomer*, the court failed to orally notify the defendant of the length of the postrelease-control term, and the sentencing entry was wrong both as to the length and the mandatory nature of postrelease control. *Bloomer* at ¶ 69. Likewise in *Ketterer*, the court found "at least four errors" in the imposition of postrelease control: the court advised of mandatory postrelease

5

control on the wrong counts, the sentencing entry incorrectly stated the counts to which the postrelease-control notification had been given, the entry did not properly explain the consequences of a violation, and the court had failed to follow the procedures of R.C. 2921.191. *Ketterer* at ¶ 78. Noting that it was a capital case, the court held "viewed cumulatively these errors cannot be considered harmless." *Id.*

{¶16} In taking issue with the dissent, the majority in *Ketterer* stated "this is not a case in which the trial court merely misspoke in regard to one point concerning postrelease control." *Id.* But ours is such a case. And I do not believe the trial court's imprecise statement warrants the drastic remedy imposed by the majority here.

{¶17} The objective of the statutory postrelease-control notification requirement is to ensure that the defendant and other interested parties know the "nature and duration of the restrictions that have been imposed by the trial court on the defendant's personal liberty." *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 31. This objective was met in this case. The sentencing entry and oral notification made all involved aware that the defendant would be supervised for five years.

{¶18} Here, there was nothing inaccurate about either the oral notification or the sentencing entry. The sentencing entry imposed the postrelease-control term that was mandated by law. The oral notification was imprecise in that while it made clear that postrelease control was mandatory, it didn't spell out that the entire five-year period was mandatory. But as informed by the sentencing entry, there was no confusion from the notification about Mr. Arszman's postrelease-control obligations. In these circumstances, I believe Mr. Arsman received the

notification required by R.C. 2967.28. So, I respectfully dissent from the majority's decision to vacate that portion of his sentence.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

