[Cite as *State v. Singleton*, 2021-Ohio-4271.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200365 |
| | | TRIAL NO.   B-1901030 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| RICHARD SINGLETON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  December 8, 2021

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins,* for Defendant-Appellant.

**CROUSE, Judge.**

{¶1} On September 21, 2020, defendant-appellant Richard Singleton entered into a plea agreement in which he agreed to plead guilty to two counts of rape with firearm specifications, one count of aggravated robbery with a firearm specification, and one count of aggravated burglary. He and the prosecution jointly recommended, and the trial court imposed, a sentence of 45 years in prison.

{¶2} He has appealed, arguing in six assignments of error that the trial court erred by: (1) failing to appoint new counsel when he expressed dissatisfaction with his appointed counsel; (2) accepting his guilty pleas when his competency was not clearly established; (3) imposing a void sentence; (4) accepting guilty pleas that were not knowingly, intelligently, and voluntarily made; (5) imposing consecutive sentences; and (6) imposing a cruel and unusual sentence.

{¶3} For the reasons discussed below, we overrule the assignments of error and affirm the trial court's judgment.

### *First Assignment of Error*

{¶4} In his first assignment of error, Singleton contends the trial court erred by failing to appoint new counsel. A trial court has an affirmative duty "to inquire, on the record, into a defendant's complaints regarding the adequacy of his appointed counsel." *State v. Robinson*, 1st Dist. Hamilton No. C-150346, 2016-Ohio-3330, ¶ 10.

{¶5} On May 26, 2020, Singleton moved the trial court to appoint new counsel. Defense counsel requested a continuance so that he could consult with the public defender's office on the matter to determine if it wished to appoint new

counsel. The court reserved ruling on Singleton's motion and continued the case. Defense counsel and Singleton were given the opportunity to confer confidentially, and a hearing was held on June 12, 2020. There is no transcript from that hearing in the record before this court. At the next hearing, on June 16, 2020, the court stated, "We were here previously last Friday and Mr. Singleton decided that he wanted to retain Mr. Katz as counsel." Neither Singleton nor defense counsel objected to the court's statement.

{¶6} It is clear from the record that Singleton, after consulting with counsel, withdrew his motion to appoint new counsel. Therefore, he cannot claim error in the trial court's failure to appoint new counsel. The first assignment of error is overruled.

### Second Assignment of Error

{¶7} In his second assignment of error, Singleton argues that the trial court erred by accepting his guilty pleas because his competency was not clearly established.

{¶8} "Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial." *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995). The test to determine whether a defendant is competent to stand trial is "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Id.*, quoting *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824, (1960).

{¶9} The Ohio General Assembly codified the standard for determining competency in R.C. 2945.37.

A defendant is presumed to be competent to stand trial. If, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial * * *.

R.C. 2945.37(G).

{¶10} The trial court ordered that three competency reports be completed. Singleton was evaluated regarding his competency to stand trial by Dr. Gail Hellmann on April 19, 2019, and by Dr. Emily Davis on May 21, 2019. Both doctors determined that Singleton was competent to stand trial. The trial court accepted the reports and concluded that Singleton was competent to stand trial.

{¶11} Davis also evaluated Singleton on July 29, 2019, regarding his competency to waive his *Miranda* rights. She concluded that he was competent to waive his *Miranda* rights, and the court agreed. On appeal, Singleton does not challenge the court's determination that he was competent to waive his *Miranda* rights—he only challenges the court's determination that he was competent to stand trial.

{¶12} Singleton argues that Hellmann found him competent on the condition that certain "extra steps" should be followed by defense counsel and the court to ensure that he understood the nature of the proceedings against him. He highlights several passages from her report wherein she expressed concerns about his cognitive limitations. Hellmann wrote:

[Singleton] seemed overwhelmed with his current situation, and had difficulty putting his thoughts and feelings into words. * * * Overall the defendant presented as an immature individual with limited cognitive ability who was mostly naïve to the criminal justice system. He tended to be passive and uncomfortable in discussion of the specifics of his case, being able to demonstrate superficial though reasonable understanding of many aspects, when pressed to do so. * * * May be prone to have difficulty providing accurate sequential chronology of events, due to cognitive limitation. He can comprehend instructions and evaluate legal advice provided to him and can make rational decisions based on that advice, as long as complex terminology and concepts are broken down to *simpler terms*, with *repetition* to maximize his level of understanding. * * * He will require *ongoing education* about more complex concepts and terminology in order to maximize his understanding and facilitate rational and informed decision making.

(Emphasis added.)

{¶13} Singleton also highlights one sentence from Davis's May 21, 2019 report: "Given his lack of experience with judicial proceedings and process, it is likely that as legal proceedings move forward his defense counsel will need to provide him some *additional education* to ensure that he understands legal proceedings and terminology." (Emphasis added.)

{¶14} Singleton argues there is no evidence in the record that the "extra steps" of simplification, repetition and additional education were carried out by the court and defense counsel.

5

{¶15} Both doctors found Singleton competent, despite any cognitive limitations. The "extra steps" discussed by Singleton are properly viewed as recommendations as to how to communicate with Singleton regarding legal advice and trial proceedings. Any discussions between Singleton and his defense attorney, especially concerning the charges against him and his ability to assist in his defense, would not have occurred on the record. And there is no indication in the record that Singleton did not understand the nature of the proceedings or the charges against him or that he was unable to assist his lawyer in his defense. Starting from a base line of competency, as R.C. 2945.37(G) dictates and both doctors and the court determined, we cannot conclude that Singleton was incompetent simply because the record does not contain examples of the doctors' recommendations being put into action.

{¶16} Furthermore, Davis found that some of the concerns noted by Hellmann—Singleton's trouble understanding the chronology of events, difficulty sharing information, and emotional distress—were not present during her interview with Singleton. Therefore, when the court determined that Singleton was competent to stand trial on May 22, 2019, it could have reasonably concluded that Hellmann's concerns had been alleviated.

{¶17} The second assignment of error is overruled.

### Third Assignment of Error

{¶18} In his third assignment of error, Singleton argues the trial court imposed a void sentence because it failed to advise him of the mandatory nature of postrelease control.

**{¶19}** A defendant convicted of a felony sex offense is subject to a mandatory five-year period of postrelease control. R.C. 2967.28(B)(1). Where postrelease control is applicable, the court must notify the defendant, "both at the sentencing hearing and in the judgment of conviction, of the length and mandatory or discretionary nature of postrelease control, of the consequences of violating postrelease control, and of the length of confinement that could be imposed for a postrelease-control violation." *State v. Duncan*, 1st Dist. Hamilton No. C-120324, 2013-Ohio-381, ¶ 13, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 77-79, and *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 69.

**{¶20}** Singleton argues he received contradictory information regarding the mandatory versus discretionary nature of his postrelease control. He points to contradictions between his plea-agreement form and the court's statements at the plea hearing.

**{¶21}** However, Singleton is not arguing in this assignment of error that his pleas were not made knowingly, voluntarily, or intelligently as a result of the contradictory postrelease-control notifications. Rather, he is arguing that his sentence is void.

**{¶22}** During the sentencing hearing, conducted immediately following the plea hearing, the court stated, "As we have discussed before, you will be required to report -- when you are released, you will have five years of post-release control." The judgment entry stated that Singleton "shall be supervised by the Adult Parole Authority after [he] leaves prison, which is referred to as post release control, for five (5) years."

7

{¶23} "The fact that the word 'mandatory' does not appear in the transcript is not dispositive." *State v. Rucker*, 1st Dist. Hamilton No. C-150434, 2016-Ohio-5111, ¶ 7. In *Rucker,* this court held that the defendant was sufficiently apprised of the mandatory nature of his postrelease control when the trial court advised him that after release from prison, "you'll be on a period of supervision * * * for a period of five years," and the sentencing entry stated, "[T]he defendant shall be supervised by the Adult Parole Authority after defendant leaves prison, which is referred to as post-release control, for five years." *Id.* at ¶ 6-7.

{¶24} The court correctly advised Singleton at the sentencing hearing and in the sentencing entry that he was subject to mandatory postrelease control. The third assignment of error is overruled.

### *Fourth Assignment of Error*

{¶25} In his fourth assignment of error, Singleton contends his pleas were not made knowingly, intelligently, and voluntarily. First, he argues he was incompetent to make the pleas. As discussed under the second assignment of error, Singleton's competency was established by two competency reports prior to his guilty pleas.

{¶26} Second, Singleton argues the trial court failed to comply with Crim.R. 11(C)(2)(a) because it made contradictory statements regarding the mandatory nature of his postrelease control and confused parole with postrelease control.

{¶27} The plea-agreement form signed by Singleton stated, "After prison release, I *may have up to* three years (five years for F-1 or sex offense) of post-release control." (Emphasis added.) At the plea hearing, the trial court stated:

8

If you do go to prison and are released, you *will have* five years of post-release control with certain terms and conditions to be established by the parole board. * * * [W]hen you are released from prison you will have *up to* five years of post-release control, which is called '*parole.* * * * But as it goes to *parole*, you *will have* five years of post-release control.

(Emphasis added.)

**{¶28}** The trial court conflated parole and postrelease control and contradicted itself by describing the postrelease control as both discretionary and mandatory. Therefore, it failed to substantially comply with Crim.R. 11(C)(2)(a). *See State v. Stumph*, 1st Dist. Hamilton No. C-190318, 2021-Ohio-723, ¶ 13 ("Given the trial court's intermingling and misuse of the concepts of parole and postrelease control, we cannot find that it substantially complied with the Crim.R. 11 requirement that it inform Stumph of the maximum penalty faced."); *State v. Arszman*, 1st Dist. Hamilton No. C-130133, 2014-Ohio-2727, ¶ 6 (The trial court's advisement that defendant would be under postrelease control supervision for "up to five years" failed to advise the defendant that "postrelease control was mandatory for the entire five-year term.").

**{¶29}** "If a trial court fails to substantially comply with Crim.R. 11 regarding a nonconstitutional provision, a reviewing court must determine whether the trial court partially complied or failed to comply with the rule." *Stumph* at ¶ 8.

Where a trial court has completely failed to comply with a nonconstitutional provision of the rule, the defendant's plea must be vacated. But where the trial court has partially complied, the plea may only be vacated if the defendant demonstrates prejudice. To establish

9

prejudice, a defendant must demonstrate that the plea would not have otherwise been made if the defendant had been fully informed.

(Citations omitted.) *Id.*

{¶30} Here, the trial court partially complied with Crim.R. 11 because it informed Singleton that he would be placed on postrelease control for five years. Therefore, Singleton was required to demonstrate prejudice.

{¶31} Singleton pled guilty in exchange for the dismissal of six kidnapping counts, three robbery counts, one burglary count, one attempted-rape count, and one attempted-kidnapping count. Although the court indicated during the plea hearing that the term of postrelease control was discretionary, it also told him twice that he would be placed on postrelease control for five years. The trial court erroneously equated parole and postrelease control, but it correctly advised Singleton that he would be supervised for five years upon his release from prison.

{¶32} The record contains no evidence that the trial court's conflation of parole and postrelease control or its contradictory statements regarding the mandatory nature of his postrelease control induced Singleton to plead guilty. *See Stumph,* 1st Dist. Hamilton No. C-190318, 2021-Ohio-723, at ¶ 14; *State v. Knox*, 2d Dist. Montgomery No. 25774, 2015-Ohio-4198, ¶ 12, quoting *State v. Wright*, 6th Dist. Sandusky No. S-09-023, 2010-Ohio-2620, ¶ 29 ("The trial court's imperfect advisement to appellant that she was subject to a discretionary period of postrelease control afforded her sufficient notice that such control might be imposed. Since appellant had notice that her sentence might include postrelease control, she cannot show prejudice as her plea was made with knowledge of that possibility.").

{¶33}  Singleton has failed to demonstrate prejudice. The fourth assignment of error is overruled.

### Fifth Assignment of Error

{¶34}  In his fifth assignment of error, Singleton contends the trial court erred by imposing consecutive sentences. He acknowledges the trial court made all of the required consecutive-sentences findings at the sentencing hearing and in the sentencing entry, but argues the record does not support the findings.

{¶35}  As part of the plea deal, Singleton agreed to plead guilty and receive the following sentences: 11 years plus one year for the firearm specification for count one; 11 years plus one year for the firearm specification for count four; ten years plus one year for the firearm specification for count nine; and ten years for count 15. The sentences were jointly recommended by Singleton and the prosecution.

{¶36}  "It is well settled that under R.C. 2953.08(D), a sentence that has been recommended jointly by the defendant and the prosecution and imposed by a sentencing judge is not subject to appellate review if it is authorized by law." *State v. Daniels*, 1st Dist. Hamilton No. C-160203, 2017 WL 657574, ¶ 9 (Feb. 17, 2017).

{¶37}  "The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." *State v. Sergent,* 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 21, quoting *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 25. "Accordingly, *Porterfield* stands for the proposition that a joint recommendation to impose consecutive sentences eliminates the need for a trial judge to make the consecutive-

11

sentence findings set out in R.C. 2929.14(C)(4) and that such a sentence, once imposed, is not subject to review under R.C. 2953.08(D) (now (D)(1))." *Sergent* at ¶ 22.

{¶38} Because this case involves jointly-recommended nonmandatory consecutive sentences, the trial court was not required to make the consecutive-sentences findings, even though it did so. *See Sergent* at ¶ 30. Pursuant to R.C. 2953.08(D)(1), the consecutive nature of Singleton's sentences is not subject to review. The fifth assignment of error is overruled.

### Sixth Assignment of Error

{¶39} In his sixth assignment of error, Singleton contends his sentences amount to cruel and unusual punishment. He argues his "lack of intellect and lack of a prior record" called for leniency.

{¶40} As discussed under the fifth assignment of error, the trial court imposed the jointly-recommended sentences and the sentences were authorized by law. Pursuant to R.C. 2953.08(D)(1), the sentences are not subject to review. The sixth assignment of error is overruled.

### Conclusion

{¶41} All six assignments of error are overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**BERGERON, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.