[Cite as *State v. Mitchell*, 2017-Ohio-9103.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-T-0053** |
| ROBERT MITCHELL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2015 CR 00518.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *Ashleigh Musick,* Assistant Prosecutor, Administration Building, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Robert Mitchell,* pro se, PID# A582-305, Trumbull Correctional Institution, P.O. Box 901, 5701 Burnett Road, Leavittsburg, OH 44430 (Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Robert Mitchell, appeals from the judgment of the Trumbull County Court of Common Pleas, denying his Motion to Correct a Sentence. The issue to be determined by this court is whether an offender is barred by res judicata from raising errors regarding the imposition of consecutive sentences in postconviction proceedings. For the following reasons, we affirm the judgment of the lower court.

{¶2} On July 1, 2015, Mitchell was indicted by the Trumbull County Grand Jury on Possession of Heroin, a felony of the fifth degree, in violation of R.C. 2925.11(A) and (C)(6)(a).

{¶3} A Finding on Guilty Plea to the Indictment was filed on October 27, 2015. Pursuant to this document, Mitchell agreed to enter a plea to the charge as contained in the Indictment. It also provided that "[t]he underlying agreement upon which this plea is based is as follows: Defendant waives a PSI. The State and Defendant agree to a jointly recommended prison sentence of 6 months, said sentence to be served consecutively to the prison sentence the Defendant is currently serving, Cuyahoga County Common Pleas Court, Case No. CR-09-526685-A."

{¶4} On November 2, 2015, an Entry of Sentence was filed, in which the court noted that it considered the record, as well as the purposes and principles of felony sentencing in R.C. 2929.11 and the factors in R.C. 2929.12. It found that a consecutive sentence was "necessary to protect the public from future crime or to punish the offender; [and] that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." The court sentenced Mitchell to a term of six months in prison, to run consecutively with his prison term in the aforementioned Cuyahoga case. Mitchell did not appeal.

{¶5} On April 28, 2017, Mitchell filed a Motion to Correct a Sentence that is Contrary to Law, arguing that the trial court failed to make necessary consecutive sentencing findings.

{¶6} The trial court issued a Judgment Entry on May 10, 2017, finding that it had made consecutive sentencing findings.

{¶7}   Mitchell timely appeals and raises the following assignments of error:

{¶8}   "[1.]  The trial court erred [in] fail[ing] to make the required findings under R.C. 2929.14(C)(4) prior to imposing consecutive sentences on Appellant, in violation of his Due Process protections under the Fourteenth Amendment to the U.S. Constitution and Article I, Section [] 10 of the Ohio Constitution.

{¶9}   "[2.]  The trial court erred in denying Appellant's Motion to Correct a Sentence that is Contrary to Law, in violation of his Due Process protections under the Fourteenth Amendment to the U.S. Constitution and Article I, Section [] 10 of the Ohio Constitution."

{¶10}  Consideration of Mitchell's argument on appeal is barred by his failure to file a direct appeal from the November 2, 2015 Entry of Sentence and the doctrine of res judicata.

{¶11}  "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶12}  "Arguments challenging the imposition of a sentence that is voidable are barred by the doctrine of res judicata if not raised on direct appeal." *State v. Britta*, 11th Dist. Lake No. 2011-L-041, 2011-Ohio-6096, ¶ 17; *State v. Krisha*, 11th Dist. Lake Nos. 2015-L-125, et al., 2016-Ohio-3512, ¶ 20.   "Errors in the imposition of consecutive

3

sentences, such as the failure to make the required statutory findings, render the sentences voidable, rather than void." *Krisha* at ¶ 21, citing *State v. Wilson*, 11th Dist. Lake No. 2015-L-067, 2015-Ohio-5465, ¶ 19; *State v. Bowshier*, 2d Dist. Clark No. 2015-CA-53, 2016-Ohio-1416, ¶ 16 ("the Supreme Court of Ohio 'has declined to find sentences void based on the court's failure to comply with certain sentencing statutes, including the consecutive sentencing statute'") (citation omitted).

{¶13} As the Ohio Supreme Court has explained, challenges to a sentencing court's determination "as to whether sentences must be served concurrently or consecutively" must be "presented in a timely direct appeal." *State v. Holdcroft,* 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 8. Mitchell failed to file a direct appeal in this matter and did not attempt to challenge his consecutive sentence until well over a year after sentencing.

{¶14} Even if this matter was not barred by res judicata, the Ohio Supreme Court has also made it clear that, in the case of a jointly recommended, nonmandatory consecutive sentence, "a trial court is not required to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4)." *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 43. "[W]hen a trial judge imposes such an agreed sentence without making those findings," the sentence is "not reviewable on appeal" pursuant to R.C. 2953.08(D)(1), which allows only limited appeals in the case of jointly recommended sentences. *Id.* Here, the plea agreement clearly states that the parties agreed to a six-month sentence, to run consecutively with the Cuyahoga term already being served by Mitchell. This was the term to which Mitchell was sentenced.

4

{¶15} As such, we find no grounds to review the merits of Mitchell's claim that the trial court failed to make certain consecutive sentencing findings.

{¶16} The first and second assignments of error are without merit.

{¶17} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, denying Mitchell's Motion to Correct a Sentence, is affirmed. Costs to be taxed against appellant.

CYNTHIA WESTCOTT RICE, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.