[Cite as *State v. Payton*, 2018-Ohio-1376.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 17CA3793 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| DANIEL G. PAYTON, | : | |
| Defendant-Appellant. | : | **RELEASED: 03/30/2018** |

_____

APPEARANCES:

Daniel G. Payton, Chillicothe, Ohio, pro se.

Mark E. Kuhn, Scioto County Prosecuting Attorney, Jay Willis, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for appellee.
_____

Harsha, J.

{¶1}   Daniel G. Payton agreed to plead guilty to aggravated murder and rape; he received the jointly recommended sentence of a prison term of 20 years to life for aggravated murder, to run consecutively to a nine-year prison term for rape, with these sentences to run consecutively to a 30-year prison term he was serving for other rapes. Over 11 years later he contested the legality of his sentence in a motion to correct sentence, which the trial court denied. Payton contends the trial court erred because it failed to conduct an evidentiary hearing and denied his motion.

{¶2}   We reject Payton's assignment of error because a sentence imposed for aggravated murder is not subject to review under R.C. 2953.08(D)(3) and the sentence imposed for rape was an agreed sentence, which is likewise not subject to review under R.C.2953.08(D)(1); it was jointly recommended by the parties, authorized by law, and imposed by the sentencing court. We overrule Payton's assignment of error and affirm

the judgment of the trial court, which properly denied the motion without conducting a hearing.

## I. FACTS

{¶3}   The Scioto County Grand Jury returned an indictment charging Daniel G. Payton with aggravated murder and rape. Payton subsequently pleaded guilty to both counts. In October 2005, the court entered a judgment convicting Payton upon his guilty plea, after finding that his plea was voluntary, knowingly and intelligently made; the court sentenced him to a prison term of 20 years to life for aggravated murder and nine years for rape to run consecutively and to run consecutive to a 30-year prison term he was serving for other rape crimes.  Payton did not appeal from the sentencing entry.

{¶4}   In 2016 Payton filed a "Verified Motion to Correct Sentence," which conceded that he was "not challenging his convictions nor his guilty plea." Rather, he contended that his sentence was "contrary to law" because it was not an "agreed sentence." He contended that it was "open sentencing" and the trial court "erred in sentencing him to mandatory, more than the minimum, and consecutive terms" without including "the required language to impose mandatory or consecutive terms" that he argued were mandatory under R.C. 2929.13(F) and R.C. 2929.14(E)(4).  He also claimed that the trial court failed to notify him in its sentencing entry of his right to appeal those parts of his sentence that were contrary to law. The trial court denied the motion, noting that it had reviewed the record and found that Payton "specifically acknowledged that if the Court accepted the guilty plea that the jointly recommended sentence was what he received" and that the Court "sentenced exactly according to the very recommendation [Payton] was jointly making." The trial court also found that before

accepting Payton's guilty plea, it reviewed the terms of the agreement and explicitly asked Payton if he understood the agreement and determined that he had entered into the agreement knowingly, intelligently, and voluntarily. The court also found that because the sentence was a jointly-recommended sentence, the court was not required to make consecutive-sentence findings in order for the sentence to be authorized by law and not appealable.  In the alternative, the court noted that it did make the requisite sentencing findings even though it did not need to do so.

## II. ASSIGNMENT OF ERROR

{¶5}    Payton assigns the following error for our review:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED AND OVERRULED DEFENDANT-APPELLANT'S VERIFIED MOTION TO CORRECT SENTENCE, WITHOUT HOLDING A HEARING TO OBTAIN MITIGATING EVIDENCE AND FACTS OUTSIDE THE RECORD AND ON THE RECORD TO PROVIDE THE DEFENDANT-APPELLANT THE OPPORTUNITY TO SPEAK AND PRESENT SUCH WITHOUT THE INFLUENCE OF DRUGS AND AN ATTORNEY WHO COERCED HIM INTO PLEADING GUILTY.

## III. LAW AND ANALYSIS

{¶6}    Payton asserts that the trial court erred by denying his motion to correct his sentence, which contests the felony sentence for his aggravated murder and rape convictions.

{¶7}    As the trial court concluded, Payton cannot contest his sentences and based upon the record, no evidentiary hearing was necessary to reach this conclusion. Under R.C. 2953.08(D)(3), "a sentence imposed for aggravated murder or murder * * * is not subject to review under this section." Therefore, appellant's sentence for aggravated murder is not reviewable.

**{¶8}**     Under R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by the sentencing judge."   Therefore, appellant's rape sentence is not reviewable " 'if it was (1) jointly recommended, (2) authorized by law, and (3) imposed by the sentencing judge.' " *State v. Payton,* 4th Dist. Scioto No. 17CA3788, 2017-Ohio-7865, ¶ 7 quoting *State v. Coleman*, 4th Dist. Highland No. 16CA11, 2017-Ohio-1067, ¶ 5.

**{¶9}**     Payton's sentence was jointly recommended by the parties and imposed by the sentencing judge.  The record contains the trial court's unrebutted statement in Payton's 2004 sentencing entry that the sentence it imposed constituted "an agreed sentence pursuant to [R.C.] 2953.08(D)."  The record also contains the written plea agreement signed by Payton and his counsel, which sets forth the jointly recommended sentence, as well as a "waiver of rights" and "acknowledgement of penalties" both bearing Payton's signature.  Although Payton claimed in his motion that it was not an agreed sentence, the transcripts of his plea and sentencing hearings are not part of the record on appeal.[1]  We thus presume the validity of the trial court's statement in its sentencing entry. *See State v. Lamb*, 4th Dist. Highland No. 14CA3, 2014-Ohio-2960, ¶ 14, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980) ( " 'When portions of the transcript necessary for the resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assignments of error, the court has no choice but to presume the validity of the lower court's proceedings, and affirm' ").

---

[1] Payton did not include the plea and sentencing transcript in the record.

{¶10} Therefore, the remaining issue is whether Payton's rape sentence was "authorized by law." " 'A sentence is "authorized by law" and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions.' " *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.2d 627, ¶ 26, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, paragraph two of the syllabus.

{¶11} In his motion to correct sentence Payton raised three sentencing claims: (1) the trial court did not make the findings required to impose mandatory prison terms under R.C. 2929.13(F); (2) the trial court did not make the requisite findings to impose consecutive sentences under R.C. 2929.14(C)(4) [former R.C. 2929.14(E)(4)]; and (3) the trial court did not notify him of his right to appeal from the sentence under R.C. 2953.08(B).[2]

{¶12} Our review of the record indicates that the trial court properly imposed a prison term within the statutory range for his rape conviction because he violated R.C. 2907.02(A)(2), subject to a presumption in favor of prison under R.C. 2929.13(D). *See* R.C. 2929.14(A)(1) (first degree felony sentencing ranges).

{¶13} Moreover, the trial court made the requisite findings to impose consecutive sentences for the rape convictions. *See* R.C. 2929.14(C)(4). Even if the court had not made the required findings, the Supreme Court held in *Sergent* at ¶ 43, that "in the context of a jointly recommended sentence that includes nonmandatory consecutive sentences, a trial court is not required to make the consecutive-sentence findings set

---

[2] Payton also contended that he was entitled to a three-judge panel to determine his guilt and that he was entitled to a sexual-predator classification hearing. However, because he waived right to trial by pleading guilty and his sexual-predator classification was made in a preceding criminal case, these two arguments are meritless.

out in R.C. 2929.14(C)(4)." So "when a trial judge imposes such an agreed sentence without making those findings, the sentence is nevertheless 'authorized by law' and not reviewable on appeal pursuant to R.C. 2953.08(D)(1)."

{¶14} Finally, the trial court did not violate R.C. 2953.08 by failing to notify Payton in the sentencing entry that he could appeal his agreed sentence if he believed it to be contrary to law. *See State v. Berecz*, 4th Dist. Washington No. 16CA15, 2017-Ohio-266, ¶ 23 ("Although R.C. 2953.08 confers on a defendant the right to appeal from the sentence, it contains no requirement that the court notify the defendant of that right").

{¶15} Therefore, Payton's motion to correct sentence was meritless. Consequently, the trial court did not err by holding that his agreed sentence was not reviewable and denying his motion to correct sentence.

{¶16} Insofar as Payton attempts to raise various new claims contesting the trial court's sentencing entry on appeal, he forfeited them by failing to raise them in his motion to correct sentence. *See generally State v. Quarterman,* 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15 (2014) (It is a well-established rule that " 'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be avoided or corrected by the trial court.' "); *State v. Awan,* 22 Ohio St.3d 120, 489 N.E.2d 277 (1986) (failure to raise an issue at the trial court level, which issue is apparent at the time of the proceeding,

constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal).

{¶17} We overrule Payton's assignment of error and affirm the judgment of the trial court denying his motion to correct sentence.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & McFarland, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
         William H. Harsha, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**