[Cite as *State v. Lane*, 2018-Ohio-5250.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                           :

        Plaintiff-Appellee,                         :

v.                                                             :                   No. 18AP-88
                                                                                   (C.P.C. No. 15CR-4413)
Kaquawn C. Lane,                                   :

        Defendant-Appellant.                     :                   (REGULAR CALENDAR)

State of Ohio,                                           :

        Plaintiff-Appellee,                         :

v.                                                             :                   No. 18AP-89
                                                                                   (C.P.C. No. 16CR-6137)
Kaquawn C. Lane,                                   :

        Defendant-Appellant.                     :                   (REGULAR CALENDAR)

State of Ohio,                                           :

        Plaintiff-Appellee,                         :

v.                                                             :                   No. 18AP-90
                                                                                   (C.P.C. No. 17CR-8)
Kaquawn C. Lane,                                   :

        Defendant-Appellant.                     :                   (REGULAR CALENDAR)

State of Ohio,                                           :

        Plaintiff-Appellee,                         :

v.                                                             :                   No. 18AP-91
                                                                                   (C.P.C. No. 17CR-1991)
Kaquawn C. Lane,                                   :

        Defendant-Appellant.                     :                   (REGULAR CALENDAR)

D E C I S I O N

Rendered on December 27, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee. **Argued:** *Seth L. Gilbert*.

**On brief:** *Timothy Young*, Ohio Public Defender, and *Stephen P. Hardwick*, for appellant. **Argued:** *Stephen P. Hardwick*.

APPEALS from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Kaquawn C. Lane, defendant-appellant, appeals the January 12 and January 23, 2018 judgments of the Franklin County Court of Common Pleas in case Nos. 15CR-4413 (appeal No. 18AP-88), 16CR-6137 (appeal No. 18AP-89), 17CR-8 (appeal No. 18AP-90), and 17CR-1991 (appeal No. 18AP-91). For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On November 20, 2017, Lane accepted a plea offer from State of Ohio, plaintiff-appellee, in the aforementioned four cases. Pursuant to the plea offer, Lane pled guilty to two counts of rape with a three-year firearm specification, two counts of rape without a firearm specification, four counts of kidnapping without firearm specifications, and one count of improper handling of a firearm in a motor vehicle. In exchange for the plea, the state nolled four counts of rape, two counts of aggravated robbery with firearm specifications, one count of robbery, and one count of aggravated menacing. The state also removed firearm specifications from two of the rape charges to which he pled and two of the kidnapping charges to which he pled.

{¶ 3} Prior to entering the pleas, the prosecutor explained the offer and the potential penalties in detail. The prosecutor concluded by informing the judge if appellant accepts the plea offer, the possible range of prison time the court could impose would be "up to a possible maximum of 95 and a half years of prison time and the Tier III sex offender registration." (Tr. Vol. III at 6.) Lane's counsel stated the prosecutor's summary of the offer "as to the form and the nature of the change of plea" was correct but that he was reserving his comments as to the maximum potential penalty for sentencing. (Tr. Vol. III at 6-7.) The trial court then engaged in an extensive colloquy with Lane to ensure he was changing his pleas knowingly, voluntarily, and intelligently and with full appreciation of the consequences of his pleas. The court asked if Lane had an opportunity to discuss the cases

with his counsel and if his counsel answered his questions to his satisfaction. The court went over each and every plea form and inquired if Lane understood the forms. The court specifically detailed the possible maximum penalties upon entering the pleas and also informed Lane which prison time was mandatory. The court reiterated several times that if prison time was mandatory, it could not be reduced for any reason, it would have to run consecutive to any other time imposed and Lane must do that time. Lane indicated he understood. The court reiterated that if there was anything Lane did not understand, he should let the court know. The court then informed Lane he had a right to a jury trial and all the rights attendant thereto. Lane informed the court he wished to waive his constitutional rights to trial, and Lane's counsel informed the court he believed his client was waiving his rights freely and voluntarily with a full understanding of his legal rights as well as the potential consequences of his plea.

{¶ 4} Lane entered his pleas and the court ordered a pre-sentence investigation. Sentencing was scheduled for January 4, 2018. However, before the court proceeded to commence sentencing on that date, Lane expressed he wished to withdraw the pleas he had previously entered. In response, the court indicated Lane's counsel would have the opportunity to file a motion to withdraw and the state would have the opportunity to respond. The court then inquired whether Lane understood what could happen as a result of withdrawing the pleas. The court informed Lane the case would "go back to square one." (Tr. Vol. IV at 3.) The court stated, "the State will not put the same offer back on the table and [] what you're looking at then could be *considerably more* than what you're looking at now." (Emphasis added.) (Tr. Vol. IV at 4.) The court, the prosecutor, and defense counsel explained to Lane he faced approximately 95 to 96 years in prison if he continues with the plea offer; however, he faced 180-185 years if he withdraws the pleas, goes to trial and were found guilty. Lane's counsel clarified that the maximum prison time Lane could be exposed to if he withdraws the pleas is 185 years rather than 180, but observed it "[is] academic at that point." (Tr. Vol. IV at 5.) The court concurred stating "[a]bsolutely." (Tr. Vol. IV at 5.) The trial court expressed its concern that sometimes "people request to have their plea withdrawn because of the fact that -- well, being sentenced to an extensive period of time is something difficult to accept so they decide I'm going to push this off for as long as I can." (Tr. Vol. IV at 5-6.) The trial court then told Lane "[a]nd what ultimately will end up happening is that your situation will end up being worse by doing so." The court informed

Lane he "absolutely ha[s] the right to request to withdraw [the] plea[s]. * * * But, ultimately, if you withdraw your plea[s] and we go back to square one, the consequences that you're looking at, again, will be *substantially greater* than what you're looking at right now." (Emphasis added.) (Tr. Vol. IV at 6.)

{¶ 5}    The court then took a brief recess so Lane could speak with his counsel.  Lane returned to the courtroom and informed the court he wanted to continue with the pleas and wanted to proceed to sentencing.  The court inquired "Okay. And no one's pressuring you to do that, are they?  And you're doing this of your own freewill?"  (Tr. Vol. IV at 7.)  Lane responded "Yes, Your Honor."  (Tr. Vol. IV at 7.)

{¶ 6}    The court then sentenced Lane to a total of 77 years in prison, 42 of which are mandatory years.  After the court announced Lane's sentence, Lane became belligerent with the court and repeatedly stated he "will never get out" and he "will die in prison."  (Tr. Vol. IV at 22; 24.)

## II. Assignments of Error

{¶ 7}    Lane timely appealed and asserts the following two assignments of error:

> [I.] The trial court erred by coercing Mr. Lane to withdraw his motion to withdraw his plea by incorrectly stating that Mr. Lane faced "substantially" more time in prison if he did not plead guilty. In fact, Mr. Lane faced effective life without parole with or without the plea agreement, and only minutes later, the trial court imposed a sentence of effective life without parole.

> [II.] Trial counsel was ineffective for not objecting when the trial court told Mr. Lane that Mr. Lane faced "substantially" more time in prison if he did not plead guilty.

## III. Analysis

{¶ 8}     In his first assignment of error, Lane argues: (1) the trial court coerced him into withdrawing his motion to withdraw his pleas, and (2) his pleas, as a result, were not knowing, intelligent, and voluntary.  Lane states he would not be eligible for judicial release until he had served 60 years of his sentence and he would be 84 years old at that time. Therefore, according to Lane, he faced effective life without parole with or without the plea agreement.

{¶ 9}    In support, Lane points to *State v. Moore*, 149 Ohio St.3d 557, 2016-Ohio-8288.  In *Moore*, the Supreme Court of Ohio stated "[w]e see no significant difference between a sentence of life imprisonment without parole and a term-of-years prison

sentence that would extend beyond the defendant's expected lifespan before the possibility of parole." *Id.* at ¶ 59. The state concurs with Lane's characterization of his sentence according to *Moore*. Nevertheless, while we do not dispute *Moore*, *Moore* does not dispose of nor even address the issue in this case.

{¶ 10} Lane next argues the situation in this case is analogous to a trial court's misinforming a defendant about eligibility for judicial release. Lane cites to several cases from other districts, *State v. Hollobaugh*, 5th Dist. No. 11-AP-0006, 2012-Ohio-2620, ¶ 9-16; *State v. Phillips*, 12th Dist. No. CA2008-05-126, 2009-Ohio-1448, ¶ 19; *State v. Farley,* 1st Dist. No. C-0100478, 2002-Ohio-1142; and *State v. Fink,* 11th Dist. No. 2006-A-0035, 2007-Ohio-5220, ¶ 23. In these cases, the courts determined the trial courts erred in not correctly informing the defendant of his or her ineligibility for release or community control. In this case, however, the court was clear in informing Lane which potential prison terms were mandatory and in explaining that mandatory means he must serve that prison term and there is no possibility that time would be reduced.

{¶ 11} Lane further argues the trial court misinformed him in comparing the potential maximum prison terms pursuant to the pleas and pursuant to a jury trial and finding of guilty. Lane points to the court's use of the phrase "substantially greater" to describe the potential prison term he faced if he went to trial and were found guilty compared to the potential prison term he faced if he accepted the state's plea offer. (Tr. Vol. IV at 6.) Lane argues he was prejudiced by the court's comparison and description of the maximum terms and that it was the court's use of the phrase "substantially greater" which resulted in Lane withdrawing his motion to withdraw.

{¶ 12} We disagree with Lane. Careful review of the record indicates Lane was fully informed of the potential maximum prison terms pursuant to the pleas and pursuant to a jury trial and finding of guilty. The record also indicates Lane informed the court he understood the differences and ultimate consequences and determined to proceed with the pleas. The court provided Lane the opportunity to discuss the potential penalties with his counsel before he determined how to proceed. Finally, within minutes of the trial court imposing sentence, Lane became belligerent and ranted that he would never get out of prison and would die in prison. The timing of his outburst supports the conclusion that at the time he determined not to withdraw his pleas, Lane had full awareness and understanding of the potential for a prison sentence which would likely encompass most of

the years of his life.  Lane does not point us to any case law or other authority to support his arguments, and all the factors discussed above indicate Lane was not coerced into withdrawing his motion to withdraw his pleas and that he entered knowing, intelligent, and voluntary pleas.

{¶ 13}  Accordingly, we overrule the first assignment of error.

{¶ 14}  In his second assignment of error, Lane argues his counsel was ineffective for not objecting when the trial court compared the potential prison terms and used the phrase "substantially greater."  (Tr. Vol. IV at 6.)

{¶ 15}  We apply a two-part test to evaluate claims of ineffective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-42 (1989).  "First, the defendant must show that counsel's performance was deficient. * * * Second, the defendant must show that the deficient performance prejudiced the defense."  *Strickland* at 687.  "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."  *Bradley* at paragraph three of the syllabus.  "Judicial scrutiny of counsel's performance must be highly deferential [and] [b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland* at 689; *Bradley* at 141.

{¶ 16}  We do not find Lane's counsel's performance was deficient. As discussed above, we find the trial court did not coerce Lane into withdrawing his motion to withdraw the pleas.  Furthermore, Lane's counsel informed the court his client wished to withdraw his pleas.  He offered to the court to provide an explanation at that time or to elaborate at a later time determined by the court.  Although he acknowledged the difference between 185 and 180 years in prison was "academic at that point," he ensured his client had accurate information regarding the potential maximum sentence pursuant to jury trial and guilty finding.  After Lane and his counsel discussed his options during recess, the court observed Lane had an opportunity to have a discussion with his counsel.  Lane did not object to the court's observation or indicate otherwise.

{¶ 17} Lane has failed to demonstrate his counsel's performance was deficient. Therefore, it is not necessary for us to consider whether counsel's performance prejudiced Lane.

{¶ 18} Accordingly, we overrule the second assignment of error.

{¶ 19} Finally, the state requests this court remand case No. 17CR-1991 (appeal No. 18AP-91) for the limited purpose of addressing two discrepancies with the sentence: first, in case No. 17CR-1991, regarding the kidnapping count, the trial court stated in open court that the prison term for this count is 8 years, whereas the prison term on the sentencing entry is 9 years; second, regarding the total length of prison time imposed on all four cases, in open court, the trial court initially stated the total term is 72 years, however the actual length of prison terms calculated from the judgment entries is 77 years (or 78 years depending on the length of prison term in case No. 17CR-1991). The state suggests the trial court could either: (1) issue a nunc pro tunc entry if it intended to impose the 8-year term on the kidnapping as it stated in open court, or (2) hold another sentencing hearing and impose the 9-year term on the kidnapping sentence in Lane's presence if the court intended to impose 9 years.

{¶ 20} Lane objects to the limitations on remand and argues that a nunc pro tunc entry would not be appropriate because the confusion between 72, 77, and 78 years makes it impossible from the record to determine what sentence the trial court intended to impose on any of the counts.

{¶ 21} We note that although the trial court initially indicated in open court the total sentence equaled 72 years, the transcript reveals that in the holding cell adjacent to the courtroom after Lane had his outburst, with Lane and his counsel present, the court informed Lane it had miscalculated the total prison term. The court informed Lane that the total prison term was actually 77 years, not 72 years. The court also reiterated that it was imposing 8 years in case No. 17CR-1991. The court's reiteration of 8 years in case No. 17CR-1991 supports the assumption that the trial court intended to impose 8 years, rather than 9 years as is indicated in the judgment entry in case No. 17CR-1991. Therefore, remand to impose a nunc pro tunc entry would be appropriate. Nevertheless, on remand, we give the trial court discretion, in the alternative, if it determines a nunc pro tunc entry is not appropriate, to hold another sentencing hearing on case No. 17CR-1991 only. We disagree

with Lane that it is impossible to determine what the trial court intended on any of the counts and, therefore, we do not find it necessary to remand the other three cases.

## IV. Conclusion

{¶ 22} For the foregoing reasons, we overrule appellant's two assignments of error and affirm the judgments of the Franklin County Court of Common Pleas. Upon request of the state, we remand case No. 17CR-1991 only for the trial court to either enter a nunc pro tunc entry, or hold a new sentencing hearing as it determines appropriate.

*Judgments affirmed*;
*Case No. 17CR-1991 remanded with instructions.*

SADLER and LUPER SCHUSTER, JJ., concur.

———————————