[Cite as *State v. Sutton*, 2020-Ohio-3604.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-08-024 |
| | : | O P I N I O N |
| - vs - | | 7/6/2020 |
| | : | |
| CHRISTOPHER SUTTON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20170127

Steven J. Pronai, Madison County Prosecuting Attorney, Rachel M. Price, 59 North Main Street, London, Ohio 43140, for appellee

Christopher Sutton, #A740038, Belmont Correctional Institution, 68518 Bannock Road, P.O. Box 540, St. Clairsville, Ohio 43950-0540, pro se

**S. POWELL, P.J.**

{¶ 1}   Appellant, Christopher Sutton, appeals the decision of the Madison County Court of Common Pleas denying his motion to vacate his conviction and set aside his guilty plea to one count of possession of hashish and two counts of aggravated possession of drugs.  For the reasons outlined below, we affirm the trial court's decision.

{¶ 2}   On November 13, 2017, Sutton entered into a plea agreement and pled guilty

to one count of possession of hashish, a third-degree felony, and two counts of aggravated possession of drugs, both fifth-degree felonies. After engaging Sutton in a plea colloquy, the trial court accepted Sutton's guilty plea upon finding it was knowingly, intelligently, and voluntarily entered. The trial court then proceeded to sentence Sutton to the parties' agreed upon 59-month prison sentence. Sutton did not appeal his conviction.

{¶ 3} On May 8, 2018, August 6, 2018, and April 5, 2019 Sutton filed three successive motions requesting the trial court grant him early judicial release. The trial court denied each of Sutton's motions. Shortly thereafter, on July 29, 2019, Sutton filed a motion to vacate his conviction and set aside his guilty plea. In support of his motion, Sutton argued the parties' agreed upon 59-month prison sentence was void because the trial court failed to make the necessary consecutive sentence findings prior to issuing its sentencing decision. Sutton also argued that his guilty plea was void because he was "induced by an unfulfillable promise made by the prosecution in order to induce a plea," thereby rendering his guilty plea less than knowingly, intelligently, and voluntarily entered.

{¶ 4} On August 5, 2019, the trial court issued a decision denying Sutton's motion.[1] In so holding, the trial court found "[t]he sentence imposed was agreed to by the parties on the record therefore findings to support the sentence are not needed." The trial court also found "the transcript filed by [Sutton] defeats [his] argument that promises of early release were represented." Sutton now appeals the trial court's decision, raising four assignments of error for review. For ease of discussion, Sutton's first and fourth assignments of error will be addressed together, as will Sutton's second and third assignments of error.

---

1. Because "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged," the trial court could have recast Sutton's motion as an untimely petition for postconviction relief. *State v. Braunskill*, 12th Dist. Clermont No. CA2018-03-006, 2018-Ohio-3738, ¶ 16. However, regardless of whether Sutton's motion should have been recast as a petition for postconviction relief, or even a motion to withdraw his guilty plea under Crim.R. 32.1, we will assume Sutton's motion was timely filed for purposes of this appeal.

{¶ 5}  Assignment of Error No. 1:

{¶ 6}  THE TRIAL COURT ERRED BY ENTERING A JUDGMENT OF CONVICTION BASED ON A GUILTY PLEA THAT WAS NOT KNOWING, INTELLIGENT AND VOLUNTARY.

{¶ 7}  Assignment of Error No. 4:

{¶ 8}  TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN VIOLATION OF THE 6TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I SECTION 10, 16 OF THE OHIO CONSTITUTION AND THE APPLICATION OF THE PLAIN ERROR DOCTRINE.

{¶ 9}  In his first assignment of error, Sutton argues the trial court erred by denying his motion to vacate his conviction and set aside his guilty plea because his plea was not knowingly, intelligently, and voluntarily entered.  However, as noted above, Sutton did not appeal his conviction.  Because Sutton could have raised this issue in a direct appeal, Sutton's claim alleging his guilty plea was not knowingly, intelligently, and voluntarily entered is barred by the doctrine of res judicata.  *See, e.g., State v. Miller*, 12th Dist. Clermont No. CA2016-08-057, 2017-Ohio-2801, ¶ 20 (appellant's claims alleging his guilty plea was not knowingly, intelligently, and voluntarily entered were barred by the doctrine of res judicata where appellant did not raise the issue in a direct appeal).

{¶ 10}  So, too, is Sutton's claim in his fourth assignment of error alleging he received ineffective assistance of trial counsel.  *Id.* at ¶ 21 (appellant's claims alleging he received ineffective assistance of counsel were also barred by the doctrine of res judicata where appellant could have raised the issue in a direct appeal).  Therefore, because Sutton's claims raised herein are all barred by the doctrine of res judicata, Sutton's first and fourth assignments of error lack merit and are overruled.

{¶ 11}  Assignment of Error No. 2:

{¶ 12} THE TRIAL COURT IMPUGNED THE INTEGRITY OF THE JUDICIAL PROCESS WHEN IT SENTENCED SUTTON TO CONSECUTIVE SENTENCES THEREBY IMPOSING A SENTENCE CONTRARY TO R.C. 2929.14(C)(D).

{¶ 13} Assignment of Error No. 3:

{¶ 14} THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. SUTTON BY IMPOSING A SENTENCE NOT SUPPORTED BY THE RECORD.

{¶ 15} In his second assignment of error, Sutton argues the trial court erred by denying his motion because the trial court did not make the requisite consecutive sentence findings prior to sentencing him to the parties' agreed upon 59-month prison sentence. However, despite Sutton's claims, "the Ohio Supreme Court has held that an agreed sentence is not subject to review for failure of a trial court to make statutory findings before imposing consecutive sentences." *State v. Savage*, 12th Dist. Madison Nos. CA2014-02-002, CA2014-02-003, CA2014-03-006, and CA2014-03-007, 2015-Ohio-574, ¶ 34, citing *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 25.

{¶ 16} The same is true as it relates to Sutton's claim raised in his third assignment of error alleging the trial court's decision to sentence him to the parties' agreed upon 59-month prison sentence was not supported by the record. *See, e.g., State v. Brown*, 8th Dist. Cuyahoga No. 104095, 2017-Ohio-184, ¶ 16-20 (appellant's argument claiming the trial court's decision sentencing him to an agreed 11-year prison sentence was "not supported by the record" and was "beyond the scope of appellate review"). Therefore, finding no merit to any of the arguments raised herein, Sutton's second and third assignments of error also lack merit and are overruled.

{¶ 17} Judgment affirmed.

RINGLAND and PIPER, JJ., concur.