[Cite as *State v. Coleman*, 2022-Ohio-4013.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

                    No. 111332

    v.                              :

BRIAN COLEMAN,                          :

    Defendant-Appellant.           :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 10, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-660631-A, CR-21-661531-A, CR-21-661538-A, CR-21-661539-A,
and CR-21-661739-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Sarah J. Denney, Assistant Prosecuting
Attorney, *for appellee.*

Mary Catherine Corrigan, *for appellant.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Brian Coleman appeals multiple convictions arising from a series of

unrelated felonies occurring over several months while Coleman was already serving

community-control sanctions in two earlier felony cases. Coleman's conduct led to

five separate indictments including a total of 31 counts along with multiple specifications attendant to those underlying counts. The maximum aggregate potential sentence of imprisonment for all five cases ranged to over 125 years. Accepting the terms of a negotiated plea deal between Coleman and the state, the trial court imposed a 14-year aggregate term of imprisonment resolving all five cases. For the following reasons, we affirm.

{¶ 2} In the first case under review, Coleman burgled his former, live-in girlfriend's apartment and attacked her in the process. Coleman scaled a ladder to access the second-story apartment, used a firearm to shoot through the bedroom door, and then dragged the victim outside into the alley before she was able to escape. In the second case, Coleman attacked another victim with a firearm and stole her vehicle, a necklace, a cellphone, and a bank card. The victim identified Coleman from a lineup. In the third case, Coleman stole a motor vehicle from a family friend, totaled the vehicle, and then set it ablaze. The fourth case involved police officers attempting to stop a suspected stolen vehicle that Coleman was driving and that was procured through an aggravated robbery. Coleman fled after striking an unmarked vehicle occupied by two police officers. A short pursuit was called off, but officers found the vehicle after Coleman had driven it into a utility pole. Police stopped two suspects fleeing the scene who admitted to being in the car and identified Coleman as the driver. And finally, in the fifth case, officers attempted to execute an arrest warrant on Coleman, who fled into a neighboring apartment

and briefly held those occupants hostage. Coleman fled to the basement where a K-9 unit found him hiding under a stack of clothing.

{¶ 3} Coleman and the state entered into a negotiated plea agreement, limiting his aggregate sentencing exposure for all five cases to a 9- to 15-year term of imprisonment in exchange for the state dismissing numerous counts. After pleading guilty, Coleman became unsatisfied with his counsel of record. He filed a motion to withdraw the guilty plea, but after new counsel entered an appearance on his behalf, Coleman agreed to voluntarily withdraw that motion and to adhere to the terms of the plea agreement. The sentencing proceeded with the trial court imposing an aggregate sentence within the jointly recommended sentencing range: a 14-year aggregate term of imprisonment to resolve all five cases. This appeal followed.

{¶ 4} In the first and third assignments of error, Coleman claims that his guilty pleas were not knowingly, voluntarily, and intelligently entered because either the trial court improperly coerced him into accepting the negotiated plea agreement by candidly disclosing the maximum potential term of imprisonment Coleman faced should he be convicted at trial of all counts, or the trial court failed to adequately notify Coleman of the maximum term of imprisonment he faced in one case. Neither claim has merit.

{¶ 5} "A defendant's guilty plea 'is constitutionally valid only if it is entered knowingly, voluntarily, and intelligently.'" *State v. Jacobs*, 1st Dist. Hamilton No. C-190154, 2020-Ohio-895, ¶ 2, quoting *State v. Foster*, 2018-Ohio-4006, 121

N.E.3d 76, ¶ 13 (1st Dist.), and *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). "A plea without those hallmarks is constitutionally unenforceable under both the United States Constitution and the Ohio Constitution." *Id.*, citing *Engle* at *id.* A guilty plea is considered knowingly, voluntarily, and intelligently entered when a trial court complies with the requirements of Crim.R. 11. *Id.* at ¶ 3. However, some courts have noted that other factors must be considered under a totality of the circumstances.

{¶ 6} For example, offenders are permitted to challenge the trial court's purported involvement in the plea process without respect to the requirements of Crim.R. 11. *Id.* at ¶ 4; *see also State v. Heard*, 2017-Ohio-8310, 87 N.E.3d 245, ¶ 16 (8th Dist.). A trial court's participation in the plea-bargaining process is not prohibited under Crim.R. 11 per se, but there are limitations. *State v. White*, 2017-Ohio-287, 81 N.E.3d 958, ¶ 6 (8th Dist.). "[T]he Ohio Supreme Court has cautioned that 'the judge's position in the criminal justice system presents a great potential for coerced guilty pleas and can easily compromise the impartial position a trial judge should assume.'" *Id.,* quoting *State v. Byrd*, 63 Ohio St.2d 288, 292, 407 N.E.2d 1384 (1980). The "ultimate inquiry" with respect to judicial coercion is whether the trial court's conduct could have led the defendant to believe he could not get a fair trial, or sentence after trial, and whether the judicial participation undermined the voluntariness of the plea. *Heard* at ¶ 18, citing *State v. Sawyer*, 183 Ohio App.3d 65, 2009-Ohio-3097, 915 N.E.2d 715, ¶ 54 (1st Dist.).

**{¶ 7}** In memorializing the final plea deal negotiated by the state and Coleman's attorney of record, the trial court noted the potential for a term of imprisonment to exceed 100 years should Coleman be found guilty of each and every count and attendant specification at trial. It was during that time that the court referred to that potential, a de facto life sentence, as a "boatload of time." Coleman claims that the trial court's candid description of the potential maximum aggregate sentence amounted to improper coercion into the guilty plea that included a jointly recommended sentencing range of 9-15 years to resolve all five cases. Thus, Coleman rests his entire appellate argument on the trial court's frank assessment articulating the gravity of the situation Coleman faced by rejecting his negotiated plea deal. On this point, Coleman solely relies on the panel decision in *Heard*.

**{¶ 8}** As other panels from this court have recognized, *Heard* involved a unique, but narrow fact pattern. In *Heard*, the trial court

> created and presented the plea offer; the prosecutor had no input regarding the plea. The judge's comments clearly indicated he had determined Heard's guilt before any evidence was presented. The judge made reference to the potential sentencing not in terms of possible minimum and maximum sentences if the case proceeded to trial but based upon the sentence the judge would impose because he had already determined what Heard deserved. The judge also failed to provide Heard with sufficient time to consider the offered plea. This court found the judge's participation in the plea process could have led Heard to believe he could not get a fair trial or fair sentence after trial.

*State v. Jones*, 8th Dist. Cuyahoga No. 107561, 2019-Ohio-2571, ¶ 18. Ultimately, the *Jones* panel concluded that *Heard* does not apply in cases in which "the plea offer was created and presented by the prosecutor; the judge identified the potential

minimum and maximum sentencing"; and a defendant has notice and a prior opportunity to consider the offer. *Id.*

{¶ 9} There is little similarity between the factual background of *Heard,* 2017-Ohio-8310, 87 N.E.3d 245, and this case. Coleman's situation is more akin to the situation presented in *Jones* in which the panel rejected the coercion argument. Coleman does not dispute the fact that his defense counsel negotiated the plea offer directly with the prosecutor or that the state communicated that offer to the court on the record. The trial court did not present its own plea offer for Coleman's consideration, and like in *Jones*, Coleman had time to consider the negotiated plea deal before trial.

{¶ 10} Moreover, the trial court conducted a hearing to place Coleman's anticipated rejection of the offer on the record and memorialized the culmination of the state and Coleman's negotiations. It was in this context that the trial court simply identified what all parties should have objectively understood: that the jointly recommended sentencing range presented a favorable opportunity to avoid facing the possibility of a de facto life sentence from the maximum potential term. A trial court's candid description of that potential penalty does not amount to impermissible coercion, especially when the defendant and the state actively negotiated the proposed plea deal. *See, e.g., State v. Lane*, 10th Dist. Franklin Nos. 18AP-88, 18AP-89, 18AP-90, and 18AP-91, 2018-Ohio-5250, ¶ 11 (trial court's description of the potential maximum term as being "substantially greater" than the

jointly recommended sentence did not amount to undue coercion). Coleman's limited argument as presented in the first assignment of error is overruled.

{¶ 11} Coleman's second argument with respect to the knowing, voluntary, and intelligent nature of his guilty plea rests with his claim that the trial court advised Coleman that the first-degree felonious assault in Cuyahoga C.P. No. CR-21-661531, to which Coleman pleaded guilty, was subject to the second-degree felony sentencing range, but in actuality, Coleman had agreed to plead guilty to a first-degree felonious assault. At the change-of-plea colloquy, the trial court notified Coleman that the offense carried a maximum penalty of eight years in prison consistent with the belief that Coleman pleaded guilty to a second-degree felony offense. The trial court imposed a five-year term of imprisonment in that case, to be served concurrent with all other sentences imposed.

{¶ 12} It is not clear from what error Coleman is seeking relief. According to the sentencing entry for CR-21-661531, Coleman pleaded guilty to and was sentenced for a violation of R.C. 2903.11(A)(2) as a second-degree felony offense. Coleman concedes that the trial court advised him of the potential eight-year term under R.C. 2929.14(A)(2) corresponding to that degree level of the offense.

{¶ 13} Even if Coleman should have been convicted of a first-degree offense according to the plea deal, Ohio's black letter law stands in direct contrast to Coleman's argument. Pursuant to Crim.R. 11(C)(2)(a), before accepting a plea of guilty in a felony case, the trial court must address the defendant personally and determine "that the defendant is making the plea voluntarily, with understanding of

the nature of the charges and of the maximum penalty involved * * *." Crim.R. 11(C)(2)(a) and (b) identify the nonconstitutional rights that must be addressed before accepting a plea of guilty. Appellate review is based on whether the trial court substantially complied with Crim.R. 11(C)(2)(a) and (b) when advising the defendant of those rights. "A plea is in substantial compliance with Crim.R. 11 when it can be inferred from the totality of the circumstances that the defendant understands the charges against him." *State v. Walker*, 8th Dist. Cuyahoga No. 65794, 1994 Ohio App. LEXIS 4450, 4 (Sept. 29, 1994). Most important as it pertains to appealing the advisement of nonconstitutional rights, a defendant must show a prejudicial effect; in other words, the "test is whether the plea would otherwise have been made." *State v. Stewart*, 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977); *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32; *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 56. Coleman altogether failed to address the prejudice prong of this analysis. App.R. 16(A)(7).

{¶ 14} Nevertheless, although the trial court misadvised Coleman of the maximum penalty related to that particular case by stating the felonious assault at issue was subject to the sentencing range of a felony of the second degree, and not one of the first degree as the plea offer anticipated (and the trial court explained during the memorialization of the plea agreement between Coleman and the state), the term of imprisonment actually imposed was still within the sentencing range

that the trial court inadvertently advised Coleman of during the plea colloquy and within the degree level of the offense as actually imposed.

{¶ 15} The trial court notified Coleman the maximum sentence would be eight years but only imposed a five-year term of imprisonment for the first-degree felony offense. Thus, nothing in this record demonstrates that Coleman would have not pleaded guilty had he been apprised of the longer potential term or the more severe offense during the plea colloquy. The sentence imposed was within the range of potential penalties discussed in the advisement, and therefore, Coleman was not prejudiced by the alleged mistake, although he did profit from it by receiving a conviction for a less severe offense than to that which he had agreed. *See State v. Malenda*, 8th Dist. Cuyahoga Nos. 104736 and 104829, 2017-Ohio-5574, ¶ 6 (the incorrect advisement of the maximum term of imprisonment was not prejudicial because the final sentence was still shorter than the erroneously provided description at the change-of-plea colloquy); *State v. Davis*, 8th Dist. Cuyahoga No. 101338, 2015-Ohio-178, ¶ 11; *State v. Haislip*, 12th Dist. Clinton Nos. CA2021-06-017, and CA2021-06-018, 2021-Ohio-4543, ¶ 14. The third assignment of error is overruled.

{¶ 16} In the second assignment of error, and the final argument advanced in this appeal, Coleman claims that the trial court erred by imposing consecutive sentences without engaging in the required analysis under R.C. 2929.14(C)(4) or by failing to incorporate those findings into the final entry of conviction. The trial court imposed a jointly recommended sentence as a product of Coleman and the state's

plea negotiations that reduced Coleman's overall sentencing exposure from over 100 years to the definite 9- to 15-year agreed sentencing range to resolve all five cases. Tr. 7:8-12. Despite the fact that both parties recognized the jointly recommended nature of the imposed sentence, neither has addressed R.C. 2953.08(D)(1), which governs appellate review of felony sentences.

{¶ 17} A defendant's right to appeal a sentence is solely derived from R.C. 2953.08. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 10. R.C. 2953.08(D)(1) is "a statutory limit on a court of appeals' jurisdiction to hear an appeal." *State v. Noling*, 136 Ohio St.3d 163, 2013-Ohio-1764, 992 N.E.2d 1095, ¶ 22; *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 9, fn. 1. Under R.C. 2953.08(D)(1), a "sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Further, "'[t]hat appellant agreed to a sentencing range or sentencing cap, as opposed to a specific sentence, is immaterial.'" *State v. Andrews*, 8th Dist. Cuyahoga No. 110047, 2021-Ohio-1719, ¶ 10, quoting *State v. Grant*, 2018-Ohio-1759, 111 N.E.3d 791, ¶ 23 (8th Dist.).

{¶ 18} The trial court's imposition of an aggregate term of imprisonment within a jointly recommended sentencing range precludes appellate review of the imposed sentence. There is no dispute that the parties jointly recommended the sentencing range that was accepted by the trial court, and there is no dispute that the trial court did not make the consecutive sentence findings under

R.C. 2929.14(C)(4). Thus, the only question is whether the lack of consecutive sentence findings renders the imposed sentence to be unauthorized by law as contemplated under R.C. 2953.08(D)(1) for the purposes of enabling appellate review.

{¶ 19} The answer to that question is resoundingly in the negative. In the context of a jointly recommended sentence that includes nonmandatory consecutive sentences, a trial court is not required to make the consecutive sentence findings under R.C. 2929.14(C)(4) or include those in the sentencing entry. *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 43; *accord State v. Singleton*, 1st Dist. Hamilton No. C-200365, 2021-Ohio-4271, ¶ 38; *State v. Campbell*, 2d Dist. Clark No. 2020-CA-11, 2021-Ohio-2053, ¶ 29; *State v. Summit*, 3d Dist. Hardin No. 6-21-06, 2021-Ohio-4562, ¶ 22; *State v. Payton*, 4th Dist. Scioto No. 17CA3793, 2018-Ohio-1376, ¶ 13; *State v. Ramsey*, 5th Dist. Licking No. 16-CA-91, 2017-Ohio-4398, ¶ 15; *State v. Thomas*, 6th Dist. Williams No. WM-18-005, 2019-Ohio-2654, ¶ 17; *State v. Barnhart*, 7th Dist. Mahoning No. 20 MA 0119, 2022-Ohio-2338, ¶ 7; *Andrews* at ¶ 14; *State v. Long*, 9th Dist. Summit No. 28214, 2017-Ohio-4421, ¶ 7; *State v. McBride*, 10th Dist. Franklin No. 04AP-282, 2004-Ohio-6257, ¶ 7 (predating *Sergent* but reaching the same conclusion); *State v. Mitchell*, 11th Dist. Trumbull No. 2017-T-0053, 2017-Ohio-9103, ¶ 14; *State v. Sutton*, 12th Dist. Madison No. CA2019-08-024, 2020-Ohio-3604, ¶ 15. When a trial judge imposes a jointly recommended sentence, which contemplated consecutive sentences, without making the R.C. 2929.14(C)(4) findings, the sentence is nonetheless

considered to be "authorized by law" and is not reviewable on appeal pursuant to R.C. 2953.08(D)(1).

{¶ 20} Appellate review of the sentences imposed in the underlying cases is expressly precluded under R.C. 2953.08(D)(1), and this includes the consecutive sentence findings under R.C. 2929.14(C)(4). The second assignment of error is overruled.

{¶ 21} Coleman's convictions are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for further proceedings consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

CORNELIUS J. O'SULLIVAN, JR., J., CONCURS;
KATHLEEN ANN KEOUGH, J., CONCURS IN PART AND DISSENTS IN PART
WITH SEPARATE OPINION

KATHLEEN ANN KEOUGH, J., CONCURRING IN PART AND DISSENTING IN PART WITH SEPARATE OPINION:

{¶ 22} Respectfully, I concur in part and dissent in part. I concur with the majority's resolution of the first and third assignments of error.

{¶ 23} I dissent, however, from the majority's conclusion regarding the second assignment of error that review of the trial court's imposition of consecutive sentences is precluded because appellant agreed to a jointly recommended sentencing range. The majority finds that where a defendant agrees to a jointly recommended sentencing range, the trial court is permitted to impose consecutive sentences, even where the defendant did not agree to consecutive sentences, and any review of the consecutive sentences is prohibited by R.C. 2953.08(D)(1).

{¶ 24} My dissent in *State v. Grant*, 2018-Ohio-1759, 111 N.E.3d 791 (8th Dist.), sets forth my reasons for disagreeing with this proposition of law. *Grant* at ¶ 49-52. I find that where a defendant agrees to a sentencing range but does not expressly agree to the imposition of nonmandatory consecutive sentences, the sentence is not an agreed-upon sentence and review of the sentence is not prohibited by R.C. 2953.08(D)(1).

{¶ 25} Appellant agreed to a sentencing range; there was no agreement to consecutive sentences. Accordingly, I would review appellant's second assignment of error, which asserts that the trial court did not engage in the required analysis under R.C. 2929.14(C) for imposing consecutive sentences and did not incorporate the statutory findings into its sentencing entry.

{¶ 26} The record reflects that the trial court made the requisite findings for imposing consecutive sentences. (Tr. 73.) Although appellant contends that the court merely stated the R.C. 2929.14(C) requirements without engaging in any "meaningful analysis" of the factors, I would find the court's recitation at the sentencing hearing of the R.C. 2929.14(C) factors regarding CR-21-660631-A and its incorporation of those findings with respect to CR-21-661538-A and CR-21-661539-A sufficient to impose consecutive sentences. "A trial court is not required to give reasons supporting its decision to impose consecutive sentences." *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 27.

{¶ 27} Nevertheless, I would remand for the court to enter nunc pro tunc entries in those three cases because the trial court did not "incorporate its statutory findings into the sentencing entries" as required by *Bonnell. Id.* at ¶ 29. Instead, in each sentencing entry the court merely stated, "[c]ourt states reasons for consecutive sentences ORC 2929.14." Such a statement does not meet the requirements of *Bonnell* that to impose consecutive sentences, the trial court must both make the statutory findings under R.C. 2929.14(C) and incorporate those findings into its sentencing entry.